UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS

VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I. **INTRODUCTION**

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including: the City of Boston ("City"), City of Boston employees, the Commissioner of the City of Boston Inspectional Services Department, Kevin Joyce, and Daniel Hogan, Chief Magistrate, Boston Municipal Court. It appears that plaintiff attempts to allege unconstitutional conduct on the part of the City of Boston and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA, where plaintiff alleges he ran a business. (See Complaint) Plaintiff further alleges that the City is "liable as masters for the tortuous acts of all other listed defendants pursuant to the well-established master-servant legal relationship." (See Complaint, ¶ 2)

II. **ARGUMENT**

   A. **Standard**

   The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

   B. **Plaintiff Has Failed To State A 42 U.S.C. Section 1983 Claim Against Defendant City of Boston.**

   It appears that plaintiff's complaint attempts to allege a violation of rights pursuant to 42 U.S.C. § 1983, against the City of Boston. This claim fails because the Supreme Court has held that 42 U.S.C. §1983 municipal liability depends upon a finding that an alleged injury was inflicted as result of an

official policy or custom. See Monell v. New York Dep't. of Social Services, 436 U.S. 658, 694 (1978). Consequently, plaintiff may not simply hope to impute the actions of its employees to the City through *respondeat superior* or *vicarious liability*. See Id. at 691-694. Furthermore, "[t]he existence of a policy that caused Plaintiff's injury is an essential part of Section 1983 liability, so that some fact indicating the existence of some policy must be pled." Strauss v. City of Chicago, 760 F.2d 765, 768 (1985). Otherwise, plaintiff cannot proceed in court against the municipality. Id.

Here, plaintiff makes no allegations that his alleged damages were the result of a City of Boston custom, policy, or practice. Plaintiff impermissibly seeks to hold the City liable for alleged actions of its employees through the theory of *respondeat superior*. Plaitiff seeks to hold the City "liable as masters for the tortuous acts of all other listed defendants pursuant to the well-established master-servant legal relationship." (See Complaint, ¶ 2) Plaintiff makes no other allegations against the City. Therefore, all potential claims against defendant City of Boston should be dismissed as plaintiff has failed to state a claim upon which relief can be granted.

3

### E. The City of Boston Cannot Be Held Liable For The Intentional Torts Of Its Employees, Pursuant To The Massachusetts Torts Claims Act.

To the extent that plaintiff alleges intentional torts against City of Boston employees, the City cannot be held liable for them. See M.G. L. c. 258, § 10(c). The Massachusetts Tort Claims Act states that municipalities shall be exempt from liability for "any claim arising out of an intentional tort" M.G.L. c. 258 §10(c). See Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285, 475 N.E.2d 727, 734 (1985); See Mellinger v. West Springfield, 401 Mass. 188, 196, 515 N.E.2d 584, 589 (1987); See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991).

## III. CONCLUSION

Defendant City of Boston respectfully moves this Honorable Court to grant its motion and dismiss plaintiff's complaint, with prejudice, for failure to state a claim upon which relief can be granted.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

4

>Respectfully submitted,
>DEFENDANT, CITY OF BOSTON
>Corporation Counsel
>By its attorneys:
>
>_____
>Thomas R. Donohue - BBO# 643483
>Layla N. Avila - BBO# #650665
>Assistant Corporation Counsel
>City of Boston Law Department
>Room 615, City Hall
>Boston, MA 02201
>(617) 635-4039 - Donohue
>(617) 635-4115 - Avila

Dated: January 14, 2004

## CERTIFICATE OF SERVICE

I, Thomas R. Donohue, hereby certify that on this date I served a copy of the foregoing documents: *Defendant City Of Boston's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* and *Defendant City Of Boston's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Compliant Pursuant To Fed. R. Civ. P. 12(B)(6)*, upon the pro se plaintiff: Vincent F. Zarrilli, Box 101, Hanover Station, Boston, MA 02112, via first class, postage prepaid, U.S. Mail.

1/15/04
Date

Thomas R. Donohue