UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS



VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANT KEVIN JOYCE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I.   INTRODUCTION

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including: the City of Boston, City of Boston employees, Kevin Joyce, the Commissioner of the City of Boston Inspectional Services Department ("Commissioner Joyce"), and Daniel Hogan, Chief Magistrate, Boston Municipal Court.  It appears that plaintiff attempts to allege unconstitutional conduct on the part of the City of Boston and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA, where plaintiff alleges he ran a business (See Complaint).  The only allegation plaintiff makes against Commissioner Joyce is that he is liable "for the tortuous acts of all other listed defendants." (See Complaint, ¶ 2)

II. **ARGUMENT**

    A. **Standard**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

    B. **Plaintiff Fails To Allege That Commissioner Joyce Violated His Civil Rights.**

Plaintiff seeks to hold Commissioner Joyce personally liable for the alleged constitutional violations of other defendants. However, Commissioner Joyce cannot be held individually liable in a 42 U.S.C. §1983 action unless he directly participated in the alleged constitutional violation.

2

The First Circuit has held, "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999) *citing* Malley v. Briggs, 475 U.S. 335, 341 (1986); Camilo-Robles v. Zapata, 175 F.3d 41 (1st Cir. 1999). Furthermore, this Court has held that a state officer must have been personally involved in the alleged deprivation of rights in order to be sued under §1983. See Feliciano v. Dubois, 846 F.Supp. 1033 (D. Mass. 1994). Plaintiff must plead that Commissioner Joyce "possessed either the state of mind for the particular constitutional violation or deliberate indifference, and…played a causal role in plaintiff's constitutional violation." O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000).

Here, it appears that plaintiff brought this action against Commissioner Joyce simply because he is the Commissioner of the City of Boston, Inspectional Services Department. Plaintiff makes no allegations concerning the Commissioner's conduct and merely alleges "Kevin Joyce and the City of Boston are liable as masters for the tortuous acts of all other listed defendants pursuant to the well established master-servant legal relationship." (See Complaint, ¶ 2). Plaintiff's complaint contains no factual allegations that Commissioner Joyce had any direct involvement whatsoever in any alleged deprivation of his

3

constitutional rights. Plaintiff's claims fails against Commissioner Joyce because plaintiff fails to allege that Commissioner Joyce took any action, which could be construed as depriving him of constitutional rights. Furthermore, plaintiff does not allege that Commissioner Joyce possessed the state of mind, acted with deliberate indifference, or played a causal role in alleged constitutional violations. In the absence of such a pleading, plaintiff's claims against Commissioner Joyce fail to state a claim upon which can be granted and should be dismissed.

### C. Commissioner Joyce Cannot Be Held Liable Under A Theory Of Supervisory Liability.

Plaintiff seeks to hold Commissioner Joyce liable for the alleged conduct of other defendant City of Boston employees. There are insufficient allegations to sustain a claim of supervisory liability against Commissioner Joyce. The First Circuit has held that under Section 1983, a supervisor may only be found liable for conduct resulting from his own acts or omissions. Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir.1989). In order to demonstrate this, plaintiff must allege "distinct acts or omissions that are a proximate cause" of the constitutional violation. Id. The Supreme Court has held that these acts or omissions must amount to reckless or callous

indifference to the constitutional rights of others, and can't be premised on a theory of respondeat superior or on a simple failure to exercise proper supervisory control. See Daniels v. Williams, 474 U.S. 327, 331, (1986).

A state official may only be held liable under section 1983 for the behavior of his subordinates if: (1) the behavior of the subordinates results in a constitutional violation; and (2) the official's action was affirmatively linked to that behavior such that it could be characterized as "supervisory encouragement, condonation, or acquiescence or 'gross negligence amounting to deliberate indifference'. Muniz Souffront v. Alvarado, 115 F.Supp.2d 237, 245 (1st Cir. 2000) quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Here, a supervisory liability theory fails because plaintiff does not allege any acts or omissions on the part of Commissioner Joyce. Plaintiff alleges only that Commissioner Joyce is liable under a theory of respondeat superior or the "master-servant legal relationship." (See Complaint, ¶ 2). Moreover, plaintiff does not allege that Commissioner Joyce gave supervisory encouragement, condonation, acquiescence or acted with 'gross negligence amounting to deliberate indifference' indifference to the constitutional rights of others. Additionally, Plaintiff's claims untimately fail because

5

plaintiff does not allege sufficient facts to establish a constitutional violation by Commissioner Joyce's subordinates.

### III. CONCLUSION

*Wherefore*: Defendant Kevin Joyce, moves this Honorable Court to grant his motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action construed to be against him.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

> Respectfully submitted,
> DEFENDANT, KEVIN JOYCE
> Merita A. Hopkins
> Corporation Counsel
> By his attorneys:
>
> _____
> Thomas R. Donohue - BBO# 643483
> Layla N. Avila - BBO# #650665
> Assistant Corporation Counsel
> City of Boston Law Department
> Room 615, City Hall
> Boston, MA 02201
> (617) 635-4039 - Donohue
> (617) 635-4115 - Avila

Dated: January 14, 2004

## CERTIFICATE OF SERVICE

I, Thomas R. Donohue, hereby certify that on this date I served a copy of the foregoing documents: *Defendant Kevin Joyce's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* and *Defendant Kevin Joyce's Memorandum Of Law In Support Of His Motion To Dismiss Plaintiff's Compliant Pursuant To Fed. R. Civ. P. 12(B)(6)*, upon the pro se plaintiff: Vincent F. Zarrilli, Box 101, Hanover Station, Boston, MA 02112, via first class, postage prepaid, U.S. Mail.

1/15/04
Date

Thomas R. Donohue