UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS

VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANT JAMES CAHILL'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I.  **INTRODUCTION**

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including James Cahill ("Cahill"), a City of Boston employee formerly employed with the City of Boston Code Enforcement Division ("Code Enforcement"). It appears that plaintiff alleges unconstitutional conduct on the part of the City of Boston and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA (See Complaint). The only allegations contained in the Complaint against Cahill are of "unconstitutional

discriminatory prosecution" and malicious prosecution.[1] The allegations are poorly plead and fail to offer any facts tending to aver that Cahill committed malicious prosecution. (See Complaint, ¶¶ 16 and 17). Thus, defendant Cahill respectfully requests this Honorable Court to dismiss all claims construed to be against him.

## II. ARGUMENT

### A. Standard

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald

---

[1] Count 16 of the Plaintiff's Complaint alleges that, "James Cahill…committed an act of unconstitutional discriminatory prosecution by issuing violation no. 0555826-5 to Plaintiff for occupying City sidewalk without a permit…." Recognizing that "unconstitutional discriminatory prosecution" does not constitute a known tort, for the purposes of this motion and memorandum it is assumed that "unconstitutional discriminatory prosecution" is the same as malicious prosecution.

2

the lack of probable cause. See <u>Wynne v. Rosen</u>, 391 Mass. 797, 802 (1984).

The actions alleged in the Complaint on the part of Cahill cannot equate to malicious prosecution. The Plaintiff was issued violations by Boston Code Enforcement Officials which carry with them civil penalties. <u>See</u> M.G.L. c. 40, §21D (providing for non-criminal disposition of violating town ordinances or by-laws). As such, violation of the ordinance which results in the imposition of a fine is not a criminal proceeding where an arrest is made. Notwithstanding, the second, third, and fourth prongs of the standard for malicious prosecution would be impossible to meet in this instance. Although pro se complaints must be read generously, <u>McDonald v. Hall</u>, 610 F.2d 16, 17 (1st Cir. 1979), allegations must be supported by material facts, not merely conclusory statements. <u>Slotnick v. Garfinkle</u>, 632 F.2d 163, 165 (1st Cir. 1980). Assertions of malicious prosecution in the absence of an actual criminal prosecution, its termination, a determination of probable cause, and malice make it legally impossible for malicious prosecution to have occurred. <u>See</u> <u>supra</u>. Thus, the Plaintiff's allegations that Cahill committed malicious prosecution by issuing an enforcement violation ticket against the Plaintiff while failing to issue one to Plaintiff's neighbor (Complaint, ¶ 16) and "for issuing citations for

4

items being placed on the sidewalk for loading into a truck pursuant to an eviction order from landlord, A. Giorgio" (Complaint ¶17) are inconceivable even when interpreting the complaint most liberally.

### III. CONCLUSION

*Wherefore*: Defendant James Cahill, moves this Honorable Court to grant his Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action construed to be against him.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

Respectfully submitted,
DEFENDANT, JAMES CAHILL
Merita A. Hopkins
Corporation Counsel
By his attorneys,

Layla N. Avila - BBO# #650665
Thomas R. Donohue - BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
617) 635-4034

5

## CERTIFICATE OF SERVICE

I, Thomas R. Donohue, hereby certify that on this date I served a copy of the foregoing documents: *Defendant James Cahill's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* and *Defendant James Cahill's Memorandum of Law in Support of His Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* upon the pro se plaintiff: Vincent F. Zarrilli, Box 101, Hanover Station, Boston, MA 02112, via first class, postage prepaid, U.S. Mail.

1/15/04
Date

Thomas R. Donohue