UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS

VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANTS WILBER BROWN AND JOHN BLACKMORE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I.   INTRODUCTION

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including: the City of Boston, City of Boston employees Wilber Brown and John Blackmore, the Commissioner of the City of Boston Inspectional Services Department, Kevin Joyce, and Daniel Hogan, Chief Magistrate, Boston Municipal Court. It appears that plaintiff attempts to allege unconstitutional conduct on the part of the City of Boston and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA, where plaintiff alleges he ran a business (See Complaint).

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Wilber Brown and John Blackmore move this Honorable Court to dismiss plaintiff's complaint for failure to state a claim upon which

relief can be granted. In support of their motion, defendants state that plaintiff's compliant contains no allegations which constitute a cause of action against them.

**II. ARGUMENT**

**A. Standard**

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

**B. Plaintiff Does Not Plead Facts Which Constitute A Cause Of Action.**

Pro se complaints must be read generously, McDonald v. Hall, 610 F.2d 16, 17 (1st Cir. 1979), however, allegations must be supported by material facts, not merely conclusory statements. Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980). Moreover, "[t]he Constitution does not require judges

2

...to take up the slack when a party elects to represent himself." <u>Eagle Eye Fishing Corp. v. U.S. Department of Commerce</u>, 20 F.3d 503, 506 (1st Cir. 1994). Here, giving even the most liberal reading of plaintiff's complaint, it pleads no facts that support a cause of action against defendants. Plaintiff's complaint alleges that on November 3, 2000, defendants Brown and Kennedy told plaintiff that if they found any violations they would give him time to correct them. (See Complaint, ¶ 20) Plaintiff also claims that on November 6, 2000, defendants Brown and Kennedy arrived at plaintiff's premises at 64 Salem Street where they found a note advising them that plaintiff had filed suit and left them a copy. (See Complaint, ¶ 22)

Plaintiff further alleges that on November 8, 2000, he consented to a search of his premises relying on defendants Brown and Kennedy's word that he would have time to correct any violations. (See Complaint, ¶ 25) Plaintiff claims that defendants Kennedy and Brown and other City Inspectors arrived and found that plaintiff had constructed a small living space and was using the business as a residence, the premises had no second means of egress, and other related minor violations. (See Complaint, ¶ 25) Plaintiff then claims that his premises were immediately condemned and he was evicted from his home and business. (See Complaint, ¶ 25)

3

Furthermore, plaintiff alleges that on January 16, 2001, defendants Kennedy and Brown were going to issue plaintiff a second $200.00 violation unless plaintiff removed his furniture from the sidewalk. (See Complaint, COUNT 19) Plaintiff also claims that defendant Brown was "within full earshot" of defendant Blackmore when he stated that he had issued a citation to Café Revello for having tables and chairs outside. (See Complaint, COUNT 19) These "allegations" do not state a cause of action against defendant Brown.

Similarly, plaintiff's "allegations" against defendant Blackmore fail to state a cause of action. Plaintiff makes the conclusory allegation, not supported by facts, that defendant Blackmore committed a "constitutional tort" by issuing violation No. A0534916 to plaintiff for placing furniture on the sidewalk while failing to apply the same standard to others. (See Complaint, COUNT 19) Plaintiff further claims that defendant Blackmore returned to 64 Salem Street and, when asked by plaintiff, stated that he issued a citation to Café Revello. (See Complaint, COUNT 19) Plaintiff alleges he then asked defendant Blackmore if he had cited nearby newspaper vending boxes to which defendant Blackmore responded the newspaper boxes were not obstructing. (See Complaint, COUNT 19) Plaintiff then claims that he later spoke with the owner/manager of Café

4

Revello who said that he did not receive a violation ticket. (See Complaint, COUNT 19)

The above are the totality of the allegations plaintiff makes against defendants Brown and Blackmore. The allegations are conclusory and the pleaded facts do not support a viable cause of action. Plaintiff has not articulated or pleaded any theory of liability. Plaintiff's complaint amounts to no more than a mere recitation of alleged facts regarding the condemnation of 64 Salem Street.

### III. CONCLUSION

Defendant City of Boston respectfully moves this Honorable Court to grant its motion and dismiss plaintiff's complaint, with prejudice, for failure to state a claim upon which relief can be granted.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

        Respectfully submitted,
        DEFENDANTS, WILBER BROWN
        AND JOHN BLACKMORE
        Merita A. Hopkins
        Corporation Counsel
        By their attorneys:

        /s/ *signature*
        Thomas R. Donohue - BBO# 643483
        Layla N. Avila - BBO# #650665
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4039 - Donohue
        (617) 635-4115 - Avila

Dated: January 14, 2004

## CERTIFICATE OF SERVICE

I, Thomas R. Donohue, hereby certify that on this date I served a copy of the foregoing documents: *Defendants Wilber Brown And John Blackmore's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* upon the pro se plaintiff: Vincent F. Zarrilli, Box 101, Hanover Station, Boston, MA 02112, via first class, postage prepaid, U.S. Mail.

1/15/04
Date

Thomas R. Donohue