UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS

VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANTS BOSTON CODE ENFORCEMENT PROGRAM AND BOSTON INSPECTIONAL SERVICES DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

## I. INTRODUCTION

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including the City of Boston, the Boston Code Enforcement Program, and the Boston Inspectional Services Department. It appears that plaintiff is attempting to allege unconstitutional conduct on the part of the City of Boston, its departments, and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA, where plaintiff alleges he ran a business. (See Complaint)

## II. ARGUMENT

### A. Standard

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New

Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

    B.    **The Boston Code Enforcement Program And The Boston Inspectional Services Department Are Not Independent Legal Entities Subject To Lawsuits.**

The Boston Code Enforcement Program and the Boston Inspectional Services Department are not suable entities. See Henschel v. Worcester Police Department, 445 F. 2d 624 (1st Cir. 1971). They are not independent legal entities but a program and a department within the City of Boston. See Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989). Therefore, they are not proper party defendants to this lawsuit. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991). Furthermore, if city departments may be successfully sued, it is the city which will pay; the result is the same as suing the city. Henschel at 624. Consequently, it is duplicative for plaintiff to bring an action against departments within the City of Boston as he has already named the City of

Boston as a defendant in his compliant. Therefore, plaintiff's complaint should be dismissed as to all counts and causes of action against the Boston Code Enforcement Program and the Boston Inspectional Services Department as it fails to state a claim against them.

### III. CONCLUSION

Defendants Boston Code Enforcement Program and Boston Inspectional Services Department move this Honorable Court to grant their motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action construed to be against them.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

Respectfully submitted,
DEFENDANTS, BOSTON CODE
ENFORCEMENT PROGRAM AND BOSTON
INSPECTIONAL SERVICES DEPARTMENT
Merita A. Hopkins
Corporation Counsel
By their attorneys:

Thomas R. Donohue - BBO# 643483
Layla N. Avila - BBO# #650665
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039 - Donohue
(617) 635-4115 - Avila

Dated: January 14, 2004

3

## CERTIFICATE OF SERVICE

I, Thomas R. Donohue, hereby certify that on this date I served a copy of the foregoing documents: *Defendant Boston Code Enforcement Program and Boston Inspectional Services Department's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(B)(6)* and *Defendant Boston Code Enforcement Program and Boston Inspectional Services Department's Memorandum Of Law In Support Of Their Motion To Dismiss Plaintiff's Compliant Pursuant To Fed. R. Civ. P. 12(B)(6)* upon the pro se plaintiff: Vincent F. Zarrilli, Box 101, Hanover Station, Boston, MA 02112, via first class, postage prepaid, U.S. Mail.

| 1/15/04 | *[signature]* Thomas R. Donohue |
|---|---|
| Date | Thomas R. Donohue |