SCANNED
DATE: 1-23-04
BY: CMG

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12387 RGS

VINCENT F. ZARILLI,
    Pro Se Plaintiff,

v.

CITY OF BOSTON, ET AL.
    Defendants.

**DEFENDANT EDWARD KENNEDY'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I.    <u>INTRODUCTION</u>

Plaintiff brings a nineteen (19) count complaint against twelve (12) defendants including Edward Kennedy ("Kennedy"), an employee of the City of Boston Inspectional Services Department ("ISD"). It appears that the plaintiff alleges unconstitutional conduct on the part of the City of Boston and its employees due to the November 8, 2000, condemnation of 64 Salem Street, Boston, MA (See Complaint). The only causes of action alleged in the Complaint against Kennedy are of "Violation Statute" (Count 6), "Injurious Falsehood/Slander" (Count 8), "Deceit Violation of MGL 93A" (Count 10), and "Illegal Practice of Law" (Count 11). The allegations fail to

offer any facts tending to aver that Kennedy committed any of the items alleged. Thus, defendant Kennedy respectfully requests this Honorable Court to dismiss all claims construed to be against him.

## II. ARGUMENT

### A. Standard

The applicable standard for granting a motion to dismiss is whether the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); McLain v. Real Estate Board of New Orleans, Inc., 444 U.S. 232, 246 (1980); Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); Williams v. Astra USA, Inc., 68 F. Supp. 2d 29 (D. Mass. 1999). In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). This indulgence, however, does not require the Court to credit bald assertions, unsubstantiated conclusions or outright vituperation. Correa-Martinez v. Arrillaya-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).

### B. Plaintiff Has Not Properly Alleged A Violation of the Statutes Enumerated In Count 6.

Count 6 of Plaintiff's complaint alleges "Violation Statute" and that Kennedy violated MGL c. 111, §§ 122, 127A, and 105[1] and "CMR 400.100".[2] The allegations contained in this count do not amount to violations of the statutes. MGL c. 111, §§ 122, 127A are public health statutes dealing with nuisances within the state sanitary code. S. 122 addresses the board of health's duty in examining "all nuisances, sources of filth and causes of sickness within its town…." The statute imposes a duty on the Board of Health to establish regulations for the public health and safety pursuant to this statute. Plaintiff's allegation that the statute was violated by Defendant Kennedy's "demanding to enter plaintiff's premises between 8:30 and 11:30 in the night time on November 6, 2000 with an administrative warrant which clearly on its face was valid until 5:00 p.m." (Count 6). There is no correlation between violation of the statute and the allegations made by the plaintiff in Count 6. The statute only provides for the duties of the Board of Health. In this regard the Plaintiff fails to allege anything amounting to a coherent wrongdoing.

---

[1] After a diligent search, there appears to be no Massachusetts General Law statute c. 111, § 105. Thus, this section will not address c. 111, § 105,
[2] After a diligent search, there appears to be no Code of Massachusetts Regulations 400.100. Thus, this section will not address CMR 400.100.

The same principle can be applied to s. 127A. MGL c. 111, s. 127A enables the Board of Health to adopt regulations known as the State Sanitary Code. The statute allows for the framework for developing the State Sanitary Code and the duties of local boards of health in enforcing the State Sanitary Code. The Statute in no way addresses the allegations contained in the complaint. In addition, Count 6 of the complaint alleges violation of the aforementioned statutes without regard to supporting facts or averments, providing only a commentary of the occurrences from the plaintiff's perspective on November 6, 2000. The most liberal interpretation of the allegations does not amount to a "violation" of the State Sanitary Code statutes.

C.  **The Plaintiff Does Not Properly Allege Injurious Falsehood/Slander In His Complaint.**

The Restatement (Second) of Torts § 623A (1977), sets forth the requirements for liability for publication of injurious falsehoods: "One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to the interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless

4

disregard of its truth or falsity." <u>Dulgarian v. Stone</u>, 420 Mass. 843 (1995). Plaintiff must allege that the defendants knew or should have known that their statements were false or that the defendants acted in reckless disregard of their truth or falsity. See <u>Id</u>.

The Plaintiff, in Count 8 of his complaint alleges that Kennedy created a "scene" resulting in a "blackening of the plaintiff's name and reputation, as many, many neighbors and residents and visitors of the North End witnessed the events and how could reasonably conclude that the plaintiff had done something very wrong." (Count 8). This allegation does not amount to injurious falsehood. The elements of publication of a false statement resulting in pecuniary loss have not been alleged nor is there any allegation that the statement(s) was false or reckless disregard for the truth. In fact, in item 25 of his complaint, the plaintiff *admits* to violations found and cited by the ISD and Kennedy. In item 25, the plaintiff states that, "[t]he search resulted in Defendant's learning that Plaintiff had constructed a small space in the rear of the store and was using it as a residence. They also found there existed no second means of egress and other related minor violations are immediately <u>condemned</u> the premises…." The plaintiff admits to violations resulting in the condemnation of the premises, thereby negating his claim that

5

an incidence of injurious falsehood took place. Instead, the plaintiff incorrectly alleges that the presence of ISD's enforcement officers at the premises in conducting an inspection amounted to an injurious falsehoods simply because their presence drew attention to the neighbors.

    D.    <u>Kennedy's Actions Do Not and Cannot Amount to Violation of MGL c. 93A, the Massachusetts Consumer Protection Act.</u>

The Consumer Protection Act, M.G.L. 93A, under which the Plaintiff makes his claim against the City in Count 10 of the complaint, is a statue of broad impact whose public policy is to ensure equitable relationships between consumers and *persons engaged in business*. <u>Poznick v. Massachusetts Medical Professional Ins. Ass'n</u>, 417 Mass, 48, 49 (1994)(emphasis added). Massachusetts General Laws Chapter 93A, section 2(a) states that, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any *trade or commerce* are hereby declared unlawful" (emphasis added). In determining whether an organization or entity is engaging in the act of "trade or commerce," the acts must take place within a "business context." <u>Peabody N.E., Inc. v. Town of Mansfield</u>, 426 Mass. 436, 439, 689 N.E.2d 774, 778 (1998) (quoting <u>Lantner v. Carson</u>, 374 Mass. 606, 611, 373 N.E.2d 973 (1978)). "[The Supreme Judicial Court]…has repeatedly held that c. 93A does not apply to parties motivated by

6

'legislative mandate.'" <u>Lafayette Place Associates v. Boston Redevelopment Authority & Another</u> (City of Boston), 427 Mass. 509, 535, 694 N.E.2d 820, 836 (1998) (quoting <u>Poznick v. Medical Professionals Ins. Ass'n.</u>, 417 Mass. 48, 52, 628 N.E.2d 1 (1994)). In <u>Lafayette</u>, the Court also noted that the Consumer Protection Act does not apply to legislatively created or controlled entities, and it is well settled that a municipality is a creature of the state legislature for the exercise of such powers as the state sees fit. <u>Lafayette Place Associates v. Boston Redevelopment Authority</u>, 427 Mass. 509, 535 (1998).

Chapter 93A imposes liability only upon "persons" who are defined as "natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity." M.G.L. ch. 93A §1(a).

Similar to the police or other enforcement entity under the charge of a municipality, neither the ISD nor its inspector were engaged in 'trade or commerce' pursuant to Chapter 93A as they are creatures of the state legislature. ISD's enforcement function is derived from c. 111, s. 127A. This statute allows the ISD to enforce the State Sanitary Code. Neither the City nor the ISD derive any profit amounting to "trade or commerce" under MGL c. 93A.

7

E. **Defendant Kennedy Did Not Engage In the Illegal Practice of Law in Obtaining An Administrative Warrant.**

The Plaintiff's allegation in Count 11 of the Complaint that, "the Governing Massachusetts Decisional Law mandates that a corporation be represented in judicial proceeding only by a licensed attorney" and "the warrant of November 6, 2000 is invalid and everything that resulted from it is wholly 'void ab initio'" as defendant Kennedy is not a licensed attorney, is wholly unfounded. The State Sanitary Code implicitly states that inspection officers may be charged with the duty to obtain administrative warrants in order to conduct their inspections. *See* Comm. v. Hadley, 351 Mass. 439 (1966) (*rev'd on other grounds*). Thus, on its face, the allegation of "Illegal Practice of Law" cannot stand is contrary to existing procedure under the State Sanitary Code.

## III. CONCLUSION

*Wherefore*: Defendant Edward Kennedy, moves this Honorable Court to grant his Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action construed to be against him.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION.**

8

Respectfully submitted,
DEFENDANT, EDWARD KENNEDY
Merita A. Hopkins
Corporation Counsel
By his attorneys,

_____
Layla N. Avila - BBO# #650665
Thomas R. Donohue - BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, Massachusetts 02201
617) 635-4034

Dated:   January 21, 2004

9