UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 1:03-cv-12387-RGS

| | |
|---|---|
| VINCENT ZARRILLI | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) |
| KEVIN JOYCE, Commissioner, Boston Dept. of<br>Inspectional Services; CITY OF BOSTON;<br>BOSTON CODE ENFORCEMENT PROGRAM<br>BOSTON INSPECTIONAL SERVICES DEPT.;<br>JAMES CAHILL, Director, Boston CodeDept.:<br>MARK MEEHAN, Boston Code Program;<br>WILBUR BROWN, Boston Inspectional Services<br>EDWARD KENNEDY, Boston Inspectional<br>Services; JOHN BLACKMORE, Boston Code<br>Dept.; CHRISTOPHER STOCKBRIDGE,<br>Boston Code Dept.; and DANIEL MR. HOGAN,<br>Boston Municipal Court, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6).**

Defendant, Mr. Hogan, submits this memorandum of law in support of his motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). As grounds for this motion, the defendant states that as a public employee acting within the scope of his employment he has an immunity conferred upon him by the Massachusetts Tort Claims Act. M.G.L. c. 258 §2.

## STATEMENT OF THE CASE

The plaintiff brings this complaint against Mr. Hogan and seven other defendants alleging a variety of torts, civil rights violations, and statutory violations. Specifically, he alleges that Mr. Hogan, the Clerk Magistrate of the Boston Municipal Court, was negligent in the issuance of an administrative warrant ( Complaint p. 8, count 14, attached hereto as Exhibit A [ Ex. A] ). The plaintiff alleges also that Mr. Hogan failed to conduct a hearing prior to issuing an administrative warrant, to members of the Boston Inspectional, allowed interance into the plaintiff's place of business. ( Ex. A, p. 8, count 14). Under Massachusetts General Laws, c.258, § 2, Mr. Hogan, as a public employee, cannot be held liable for alleged negligence, wrongful acts, or omissions while acting in the scope of his employment. Therefore, the plaintiff has failed to state a claim upon which relief can be granted, and his complaint should be dismissed as to all counts and causes of action construed to be against Mr. Hogan.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2000, Housing Inspector and co-defendant Edward Kennedy ("Kennedy"), pursuant to M.G.L. c. 111, §§122 & 127A, c. 218 § 33, and 105 CMR 400.100 applied for the issuance of an administrative inspection warrant in the Boston Municipal Court ( Application p. 2, attached hereto as Exhibit B [Ex. B] ). The application identified the property to be searched as 64 Salem Street, North End, Boston, MA; a property the plaintiff was leasing at the time (Ex. B, p. 1). Kennedy also submitted an Affidavit in support of his application for an administrative warrant ( Affidavit p. 2, attached hereto as Exhibit C [Ex. C]). In his affidavit, Kennedy stated that on November 3, 2000, during an investigation of the exterior of 64 Salem St.

he observed that, "the sidewalk was obstructed by various articles of furniture, and that the articles were blocking the passageway in front of the building" (Ex. C, p. 1). He also noted that he observed, through the window and door, that similar furniture and debris were piled throughout the store, blocking egress into and out of the store. He further stated that there were no visible signs of fire/smoke detectors inside the building, and concluded that the conditions at the property constituted a serious public safety risk ( Ex. C, p. 1). Kennedy pointed out also that the plaintiff refused to give him and his colleague, co-defendant Wilbur Brown, permission to enter the building to conduct a search on November 3, 2000, and that Kennedy had rescheduled another inspection with the plaintiff for November 6, 2000, but that he did not believe the plaintiff would allow him entry on that date ( Ex. C, p. 2). Mr. Hogan, acting in his capacity as Clerk Magistrate made a determination of probable cause, and issued the administrative inspection warrant on November 6, 2000. ( Warrant p. 1, attached hereto as Exhibit D [Ex. D] ).

In his complaint, the plaintiff alleges that Mr. Hogan, "negligently handed over a warrant to an unauthorized non-lawyer." ( Ex. A, p. 8, count 14). The plaintiff also alleges that the defendant failed to conduct a hearing to determine probable cause prior to issuing the administrative warrant ( Ex. A, p. 8, count 14).

## ARGUMENT

I. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS THE DEFENDANT, A PUBLIC EMPLOYEE ACTING WITHIN THE SCOPE OF HIS EMPLOYEMNT, IS IMMUNIZED BY THE MASSACHUSETTS' TORT CLAIMS ACT.**

The plaintiff alleges that, Daniel Mr. Hogan, a Clerk Magistrate for the Boston Municipal Court acted negligently when he issued a warrant allowing a city housing inspector to enter the plaintiff's dwelling/ business, and when he failed to conduct a hearing prior to the issuance. The

Massachusetts Tort Claims Act provides the exclusive remedy to any individual alleging a public employee caused him injury. M.G.L. c. 258 §2. However, the Tort Claims act also provides immunity to the public employee for any negligence, or wrongful acts or omissions allegedly committed within the scope of employee's official duties. *See* M.G.L. c. 258 § 2 ("no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligence or wrongful act or omission while acting within the scope of his office or employment."), *see also* Breault v. Chairman of Bd. of Fire Comm'rs, 401 Mass. 26, 35 (1987), and McNamara v. Honeyman, 406 Mass. 43, 46 (1989).

The defendant, Daniel Mr. Hogan, is a public employee, as he was appointed to his position as Clerk Magistrate of the Boston Municipal Court. M.G.L. c. 258 §1 (defining public employee as "elected or appointed, officers or employees of any public employer . . . .") Further, the issuance of an administrative inspection warrant is a duty of the Clerk Magistrate of the Boston Municipal Court. M.G.L. c. 218 § 33 ("a clerk . . . may . . . issue warrants, search warrants and summonses, returnable as required when such process are issued by said courts.") Because the plaintiff's allegations concern actions taken within the scope of the defendant's employment, the defendant is immune from suit. Consequently, the plaintiff's negligence claims against the defendant are barred as a matter of law because the defendant is a "public employee" immune from claims of negligent acts committed within the scope of his employment. M.G.L. c. 258 §2.

**II.    THE DOCTRINE OF JUDICIAL IMMUNITY SHIELDS THE DEFENDANT FROM LIABILITY IN CONNECTION WITH THE PERFORMANCE OF HIS DUTIES AS THE CLERK MAGISTRATE FOR THE BOSTON MUNICIPAL COURT.**

4

It is well settled that every judge in the Commonwealth is exempt "from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law." LaLonde v. Eissner, 405 Mass. 207, 210 (1989).

The courts have expanded the doctrine of judicial immunity to include certain "quasi judicial" officers who are involved in an integral part of the judicial process and thus must be able to act freely without the threat of a lawsuit. Id. at 211.

A clerk magistrate is a judicial functionary who has the authority to perform judicial and ministerial duties. M.G.L. ch. 221, §§ 15 and 62(c). The Supreme Judicial Court has stated that in some circumstances full judicial immunity may be extended to court clerks. Commonwealth v. O'Neil, 418 Mass. 760, 767 (1994).

In this case, the defendant was performing a judicial function when he issued the administrative inspection warrant on November 6, 2000. He reviewed the application and the affidavit in support of the application, determined that there was sufficient evidence to establish probable cause to issue the warrant, and issued the warrant pursuant to M.G.L. 218, § 33

It is the function of the Clerk Magistrate "to determine whether the government has presented sufficient evidence to establish probable cause for issuance of a warrant . . .." U.S. v. Edwards, 443 F. Supp. 192 (1977). See City of Boston v. Ditson, 4 Mass. App. Ct. 323 (1976). (For administrative search warrants a lesser showing of probable cause than for criminal warrants is required.) The defendant was well within his authority when he issued the warrant based on the application and affidavit of the Boston Housing Inspector. M.G.L. c. 218 § 33; U.S. v. Edwards, 443 F. Supp. 192 (1977); and City of Boston v. Ditson, 4 Mass. App. Ct. 323 (1976). Because the defendant is a judicial officer who performed a judicial act, specifically, the issuance of a warrant, he is protected by judicial immunity.

5

For these reasons, the Court should dismiss the plaintiff's complaint against the defendant, as he is immune from suit, and the plaintiff has thus failed to state a claim upon which relief can be granted.

## CONCLUSION

The defendant respectfully requests that the Court grant his Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted, as to all counts and causes of action construed to be against him.

Respectfully submitted,

DANIEL MR. HOGAN,

By his attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

Dated: March 18, 2004

Franco GoBourne
Assistant Attorney General
Government Bureau/Trial Division
200 Portland Street, 3RD Floor
Boston, MA 02114
(617) 727-2200, ext. 3329

6

## CERTIFICATE OF SERVICE

I hereby certify under the penalties of perjury that I served the attached Defendant, Daniel Hogan's, Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) upon all parties this <u>18th day of March 2004</u>, by mailing one copy of the motion, first class, postage prepaid, to Vincent F. Zarrilli, P.O. Box 101, Hanover Station, Boston, MA.

*[signature]*
Franco GoBourne