UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 1:03-CV-12387-RGS

| | |
|---|---|
| VINCENT ZARRILLI,<br>        Plaintiff<br>v.<br>KEVIN JOYCE, Commissioner,<br>Boston Dept. of Inspectional<br>Services; CITY OF BOSTON;<br>BOSTON CODE ENFORCEMENT<br>PROGRAM; BOSTON INSPECTIONAL<br>SERVICES DEPT.; JAMES CAHILL,<br>Director, Boston Code Program;<br>WILBUR BROWN, Boston<br>Inspectional Services; EDWARD<br>KENNEDY, Boston Inspectional<br>Services; JOHN BLACKMORE,<br>Boston Code Dept.; CHRISTOPHER<br>STOCKBRIDGE, Boston Code<br>Dept; and DANIEL HOGAN,<br>Boston Municipal Court,<br>        Defendants | PLAINTIFF VINCENT ZARRILLI'S<br>OPPOSITION TO DEFENDANTS'<br>MOTIONS TO DISMISS AND NOTICE<br>OF INTENT TO FILE AN AMENDED<br>COMPLAINT, AS IS HIS RIGHT,<br>UNDER F. R. CIV. P. 15(a) |

    The Plaintiff, Vincent Zarrilli, opposes the various Defendants' Motions to Dismiss his Suffolk Superior Court removed Complaint on the grounds that his *pro se* Complaint, liberally construed, under less stringent standards, Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* complaint should not have been dismissed without an opportunity to present evidence), does state actionable causes of action against the named Defendants arising out of their unconstitutional and invalid securing of an administrative search warrant without probable cause, without an attorney representing the city's inspectional code enforcement department in Court, as required by Varney Enterprises, Inc. v.

1

WMF, Inc., 402 Mass. 79, 520 N.E.2d 1312 (1988) (corporations must be represented by licensed attorneys in Court and the City is a corporation requiring licensed attorney representation), and then executing said invalid and void abinitio warrant upon the Plaintiff's North End home and business at 64 Salem Street, Boston, MA, forcibly entering the premises with an invalid and void warrant, and seizing and throwing his property out into Salem Street, depriving the Plaintiff of access to his leased premises and property, and causing him the loss of his property.

Notwithstanding the above, the Plaintiff serves notice of his intent to file an amended complaint, as is his right under F. R. Civ. P. 15(a), to more artfully frame his complaint and claims and overcome the alleged deficiencies noted in the Defendants' motions to dismiss.

Under established Massachusetts practice, a Court should not dismiss a complaint without affording the Plaintiff an opportunity to amend or reframe his claims, Charbonnier v. Amico, 367 Mass. 146, 153, 324 N.E.2d 895 (1975); Capazzoli v. Holzwasser, 397 Mss. 158, 161, 490 N.E.2d 420 (1986); Garrity v. Garrity, 399 Mass. 362, 372, 504 N.E.2d 617 (1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the Plaintiff acknowledges his responsibility to reframe his complaint and, therefore, the Court need not entertain or decide the Defendants' Motions to Dismiss, as the Defendants' Motions to Dismiss [the original Complaint] will be moot, as the amended complaint will have replaced the original

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 1:03-CV-12387-RGS

| | |
|---|---|
| VINCENT ZARRILLI,<br>        Plaintiff<br>v.<br>KEVIN JOYCE, Commissioner,<br>Boston Dept. of Inspectional<br>Services; CITY OF BOSTON;<br>BOSTON CODE ENFORCEMENT<br>PROGRAM; BOSTON INSPECTIONAL<br>SERVICES DEPT.; JAMES CAHILL,<br>Director, Boston Code Program;<br>WILBUR BROWN, Boston<br>Inspectional Services; EDWARD<br>KENNEDY, Boston Inspectional<br>Services; JOHN BLACKMORE,<br>Boston Code Dept.; CHRISTOPHER<br>STOCKBRIDGE, Boston Code<br>Dept; and DANIEL HOGAN,<br>Boston Municipal Court,<br>        Defendants | PLAINTIFF VINCENT ZARRILLI'S<br>OPPOSITION TO DEFENDANTS'<br>MOTIONS TO DISMISS AND NOTICE<br>OF INTENT TO FILE AN AMENDED<br>COMPLAINT, AS IS HIS RIGHT,<br>UNDER F. R. CIV. P. 15(a) |

The Plaintiff, Vincent Zarrilli, opposes the various Defendants' Motions to Dismiss his Suffolk Superior Court removed Complaint on the grounds that his pro se Complaint, liberally construed, under less stringent standards, Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se complaint should not have been dismissed without an opportunity to present evidence), does state actionable causes of action against the named Defendants arising out of their unconstitutional and invalid securing of an administrative search warrant without probable cause, without an attorney representing the city's inspectional code enforcement department in Court, as required by Varney Enterprises, Inc. v.

1

WMF, Inc., 402 Mass. 79, 520 N.E.2d 1312 (1988) (corporations must be represented by licensed attorneys in Court and the City is a corporation requiring licensed attorney representation), and then executing said invalid and void abinitio warrant upon the Plaintiff's North End home and business at 64 Salem Street, Boston, MA, forcibly entering the premises with an invalid and void warrant, and seizing and throwing his property out into Salem Street, depriving the Plaintiff of access to his leased premises and property, and causing him the loss of his property.

Notwithstanding the above, the Plaintiff serves notice of his intent to file an amended complaint, as is his right under F. R. Civ. P. 15(a), to more artfully frame his complaint and claims and overcome the alleged deficiencies noted in the Defendants' motions to dismiss.

Under established Massachusetts practice, a Court should not dismiss a complaint without affording the Plaintiff an opportunity to amend or reframe his claims, Charbonnier v. Amico, 367 Mass. 146, 153, 324 N.E.2d 895 (1975); Capazzoli v. Holzwasser, 397 Mss. 158, 161, 490 N.E.2d 420 (1986); Garrity v. Garrity, 399 Mass. 362, 372, 504 N.E.2d 617 (1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the Plaintiff acknowledges his responsibility to reframe his complaint and, therefore, the Court need not entertain or decide the Defendants' Motions to Dismiss, as the Defendants' Motions to Dismiss [the original Complaint] will be moot, as the amended complaint will have replaced the original

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 1:03-CV-12387-RGS

| | |
|---|---|
| VINCENT ZARRILLI,<br>        Plaintiff<br>v.<br>KEVIN JOYCE, Commissioner,<br>Boston Dept. of Inspectional<br>Services; CITY OF BOSTON;<br>BOSTON CODE ENFORCEMENT<br>PROGRAM; BOSTON INSPECTIONAL<br>SERVICES DEPT.; JAMES CAHILL,<br>Director, Boston Code Program;<br>WILBUR BROWN, Boston<br>Inspectional Services; EDWARD<br>KENNEDY, Boston Inspectional<br>Services; JOHN BLACKMORE,<br>Boston Code Dept.; CHRISTOPHER<br>STOCKBRIDGE, Boston Code<br>Dept; and DANIEL HOGAN,<br>Boston Municipal Court,<br>        Defendants | PLAINTIFF VINCENT ZARRILLI'S<br>OPPOSITION TO DEFENDANTS'<br>MOTIONS TO DISMISS AND NOTICE<br>OF INTENT TO FILE AN AMENDED<br>COMPLAINT, AS IS HIS RIGHT,<br>UNDER F. R. CIV. P. 15(a) |

    The Plaintiff, Vincent Zarrilli, opposes the various Defendants' Motions to Dismiss his Suffolk Superior Court removed Complaint on the grounds that his pro se Complaint, liberally construed, under less stringent standards, Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se complaint should not have been dismissed without an opportunity to present evidence), does state actionable causes of action against the named Defendants arising out of their unconstitutional and invalid securing of an administrative search warrant without probable cause, without an attorney representing the city's inspectional code enforcement department in Court, as required by Varney Enterprises, Inc. v.

1

WMF, Inc., 402 Mass. 79, 520 N.E.2d 1312 (1988) (corporations must be represented by licensed attorneys in Court and the City is a corporation requiring licensed attorney representation), and then executing said invalid and void abinitio warrant upon the Plaintiff's North End home and business at 64 Salem Street, Boston, MA, forcibly entering the premises with an invalid and void warrant, and seizing and throwing his property out into Salem Street, depriving the Plaintiff of access to his leased premises and property, and causing him the loss of his property.

Notwithstanding the above, the Plaintiff serves notice of his intent to file an amended complaint, as is his right under F. R. Civ. P. 15(a), to more artfully frame his complaint and claims and overcome the alleged deficiencies noted in the Defendants' motions to dismiss.

Under established Massachusetts practice, a Court should not dismiss a complaint without affording the Plaintiff an opportunity to amend or reframe his claims, Charbonnier v. Amico, 367 Mass. 146, 153, 324 N.E.2d 895 (1975); Capazzoli v. Holzwasser, 397 Mss. 158, 161, 490 N.E.2d 420 (1986); Garrity v. Garrity, 399 Mass. 362, 372, 504 N.E.2d 617 (1987); Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the Plaintiff acknowledges his responsibility to reframe his complaint and, therefore, the Court need not entertain or decide the Defendants' Motions to Dismiss, as the Defendants' Motions to Dismiss [the original Complaint] will be moot, as the amended complaint will have replaced the original

complaint. Once the amended complaint is filed, the Defendants may wish to pursue motions pertinent to the amended complaint, but that is another matter that the Plaintiff does not wish to prejudge.

For the moment, the Plaintiff opposes the motions to dismiss, on the grounds that his notice-pleading, pro se, complaint does state actionable claims, Conley v. Gibson, 355 U.S. 41, 48 (1957), and serves his intention to amend and that the Court should deny or not rule upon any motions to dismiss the original complaint, if the original complaint is no longer before the Court.

Vincent F. Zarrilli, pro se
Box 101, Hanover Station
Boston, MA   02113
617-523-9216
Fax 523-6765

May 6, 2004

3

## CERTIFICATE OF SERVICE

I, Vincent F. Zarrilli, hereby certify that I have served, by first class mail, this May 6, 2004, within the May 7, 2004 deadline set by the Court, this Opposition to the Defendants' Motions to Dismiss and Intent to File an Amended Complaint, upon:

1. Francis GoBourne
   Assistant Attorney General
   Government Bureau/Trial Division
   200 Portland Street, 3rd Floor
   Boston, MA  02114
   Attorney for Defendant Daniel Hogan

2. Thomas R. Donohue
   Layla N. Avila
   Assistant Corporation Counsel
   City of Boston Law Dept.
   Room 615, City Hall
   Boston, MA  02201
   Attorneys for Defendants City of Boston, Kevin Joyce, Wilbur Brown, John Blackmore, Anthony Citto, and Christopher Stockbridge, and James Cahill and Boston Code Enforcement Program and Boston Inspectional Services Department

and the original upon the Clerk, U.S. District Court, 1 Courthouse Way, Boston, MA  02210.

Signed under the penalties of perjury this May 6, 2004.

Vincent F. Zarrilli

4